## WHEELING.

WAMSLEY, ADM'R. v. WAMSLEY.

Submitted June 13, 1885.—Decided June 27, 1885.

An administrator, or other fiduciary, has authority to submit to arbitration any suit or matter of controversy touching the estate or property of his intestate or beneficiary without having first obtained the permission of the circuit court to do so in the manner prescribed by section five of chapter sixty-three, Acts 1882; and an award made pursuant to such submission will not be set aside merely because the submission was made by the fiduciary without a compliance with the directions of said statute.

The facts of the case sufficiently appear in the opinion of the Court.

*C. H. Scott* and *L. D. Strader* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE:

By an agreement in writing entered into between Jacob W. Wamsley and Samuel B. Wamsley, dated September 13, 1883, they agreed to submit to the determination of two arbitrators and their umpire a controversy then existing between the former as administrator of Andrew M. Wamsley, deceased, and the said Samuel B. Wamsley and providing therein, that the award when made should be returned to and entered as the judgment of the circuit court of Randolph county. The arbitrators and umpire met and made their award, by which they awarded, that the said Jacob W. Wamsley as administrator of Andrew W. Wamsley, deceased, should recover from the said Samuel B. Wamsley $841.50 with interest, &c.

The award was filed in the circuit court of Randolph county and the court made a rule thereon summoning the defendant, Samuel B. Wamsly, to show cause why it should not be made the judgment of said court. The defendant appeared and filed two answers to the rule. In the first he avers that by reason of the statute passed March 2, 1882, no personal representative can lawfully submit any matter to arbitration

affecting the estate of his decedent without having first obtained leave to do so from the circuit court in the manner prescribed by said statute and as no such leave was asked or obtained by the plaintiff in this case the said award is void and of no effect. The second answer was not considered or acted upon by the court below, and it is, therefore, unnecessary to refer to it further than to state that it alledged fraud on the part of the plaintiff in the procurement of the award and asked that it be set aside for that cause.

The court, on January 14, 1885, upon consideration of the said first answer to the rule, held that the matters alleged therein rendered the award null and void, and thereupon entered an order setting the same aside. From this order the plaintiff, Jacob W. Wamsley, as administrator, obtained this writ of error.

The only question to be decided in this case is, whether the ruling of the circuit court, that the statute referred to in the defendant's first answer rendered the award void, is correct?

The said statute, in substance, provides, that a personal representative or other fiduciary may file his petition in the circuit court asking permission of the court to submit to arbitration any suit or matter of controversy touching the estate or property controlled by him as such representative or fiduciary, that he shall state the facts in his petition, upon which he seeks such permission, and the court may grant or refuse the prayer of the petitioner. If the petition is filed in good faith and the prayer granted, an order shall be made showing the granting of such permission and be entered on the chancery order-book of the court, and the award made in any such case shall be binding upon all the parties in interest and may be entered as the judgment of the court, as awards in other cases; and if the petition is filed in good faith, and there was no fault or neglect on the part of the fiduciary, he shall not be responsible for any loss sustained by an award adverse to the interests of the estate which he represents. Section 5, chapter 63, Acts 1882, p. 121.

The court of appeals of Virginia in *Wheatley* v. *Martin*, 6 Leigh 62, decided that it is competent for an executor or administrator to submit to arbitration any controversy concerning the estate, whether the estate claims to be a debtor

or a creditor; that this results necessarily from the full dominion which the law gives him over the assets and the full discretion which it vests in him for the settlement and liquidation of all claims due to and from the estate. And so far as relates to debtors and creditors, parties to the award, it is binding upon the legatees and distributees in the same manner, as if the adjustment had been made by the executor or administrator without an award, in virtue of the general powers belonging to his fiduciary character. This is simply the announcement of the common law rule, that a fiduciary as such might submit to arbitration matters affecting the estate or trust represented by him; and that an award made in pursuance of such submission would be binding upon the parties to the same extent that it would be if made between parties acting in their individual rights. 3 Leonard 53; 1 Lomax on Ex'rs. (1st Ed.) 356.

The same rule is announced in *Nelson* v. *Cornwell*, 11 Grat. 724, decided in 1854, but upon a controversy, which arose prior to the enactment of section five, chapter one hundred and fifty-three of the Code of 1849, and therefore said statute had no effect upon said decision.

In both of these Virginia cases the court held, that notwithstanding the administrator had the right to submit to arbitration any claim for or against his intestate's estate, and an award made thereon was binding, still, if injustice was thereby done to, or loss sustained by such estate, the administrator may be chargeable therefor as for a *devastavit*.

To relieve the apparent harshness of this rule in its operation upon the responsibility of the fiduciary, the statute-law was amended by the Code of 1849, by declaring that: "No such fiduciary shall be responsible for any loss sustained by an award adverse to the interests of his ward, insane person or beneficiary under any such trust, unless it was caused by his fault or neglect." Code of Va., sec. 5, chap. 153.

This statute was seemingly too liberal, in the opinion of the legislature, in relieving the fiduciary from responsibility, and it therefore amended it by adopting the statute of 1882, before mentioned which requires the fiduciary to act not only without fault or neglect in order to excuse himself from responsibility for an adverse award, but it requires him, in good

faith, to file a petition, stating the facts to the circuit court and then obtaining the permission of that court to submit any fiduciary claim to arbitration, before he can claim exemption from liability for an adverse award even though it was not " caused by his fault or neglect."

This statute, neither expressly nor by fair implication, manifests any purpose to alter the common law rule as to the validity or binding effect of an award made without complying with the directions of the statute; and, therefore, the reasonable conclusion is, that the statute of 1849 was enacted to relieve the responsibility of the fiduciary in cases of an adverse award, and that the statute of 1882, was intended to qualify and add certain prerequisites as conditions, upon which such release from responsibility should be granted; and that neither of them was intended to affect the validity of the award, or to take away the authority of the fiduciary to submit any matter to arbitration without doing so in the manner prescribed by the said statute of 1882.  *Tennant* v. *Divine*, 24 W. Va. 387, 391.

I am, therefore of opinion, that the circuit court erred in setting aside the award, upon the ground set forth in the defendant's first answer to the rule, and that its judgment should be reversed, and the case remanded to said court for a trial upon the matters alleged in the defendant's second answer to the rule, or any other matters that may be proper in the case and not inconsistent with this opinion.

REVERSED.  REMANDED.